VALENTINE FROMM, APPELLANT, *v.* DANIEL IDE, RESPONDENT.

*Pleadings — what allegations set forth a cause of action for negligence.*

An action, the complaint in which charges that a person, while engaged in the discharge of his duties as street superintendent, under the direction of a town board of health, so negligently and carelessly dug a ditch, intended to carry off water from a highway, that the flooding of the premises of the complainant was increased rather than diminished thereby, is not an action upon contract.

It is an action for negligence, charging that a person, while engaged in a lawful business, was guilty of an omission of the duty which he owed the complainant, to perform the work in a reasonably skillful manner.

APPEAL by the plaintiff, Valentine Fromm, from a judgment, entered in the clerk's office of Monroe county on the 6th day of

May, 1890, dismissing the complaint, with costs, after a trial in the Monroe County Court before the court and a jury ; and also from an order, entered in said clerk's office on the same day, denying a motion for a new trial.

*Ivan Powers*, for the appellant.

*Costich & Cummings*, for the respondent.

MACOMBER, J. :

This action was brought to recover damages for flooding the lands of the plaintiff, under allegations of negligence in the construction of a certain ditch, by reason of which the rental value of the plaintiff's lands, during the years 1888 and 1889, on Norton street, in the town of Irondequoit, was materially lessened.

It appears that the defendant is the commissioner of highways of the town of Irondequoit. The plaintiff had notified the board of health of that town that water stood upon his premises coming from the highway. Shortly thereafter the defendant came to the plaintiff and said he had been sent there by the board of health, and was about to drain off the water. There were two other persons in the vicinity similarly situated with the plaintiff, and the drainage was to relieve them, as well as the plaintiff, of the water coming from the highway.

The plaintiff's evidence tended to show that the defendant said he should charge each of these persons twenty-five dollars for making the necessary digging to carry off the water ; that thereupon he dug out the ditch, but, at about the time he was finishing it, he was notified that it would be inadequate for the purpose. In the fall following this work, and also in the spring thereafter, the plaintiff's premises were more seriously flooded than ever before, with dirty and unwholesome water. There was evidence showing that the east end of the ditch was higher than the west end, though it was designed to carry the water from west to east. Under these facts the plaintiff offered to prove his damages, when his progress in the trial was arrested and he was nonsuited, apparently upon the ground that the action was for a tort, and that the proof showed that a recovery could be had only for a breach of contract.

This, however, seems to us to have been a misconception of the scope of the action. In brief, it is that the defendant, while engaged

in the discharge of his duties as street superintendent, under direction of the board of health of the town of Irondequoit, in carrying off waters in the highway, so negligently and carelessly dug the ditch therefor that the flooding of the premises was increased rather than diminished. This is not an action upon a contract. It is an action for negligence in that a person, while engaged in a lawful business, was guilty of an omission of duty which he owed to the plaintiff to perform the work in a reasonably skillful manner. This principle is elementary. (Whittaker's Smith on Negligence, 480.)

The judgment and order appealed from should be reversed and a new trial granted in the County Court, with costs to abide the event.

DWIGHT, P. J., concurred.

Judgment and order appealed from reversed and a new trial granted in the County Court of Monroe county, with costs to abide the event.